AARON VAN HOUTEN

*v.*

MARY V. H. STEVENSON et al.

[Filed October 28th, 1904.]

1. The objection that another suit is depending for the same matter is, in general, taken by plea and not by motion.

2. The complainant and defendant are tenants in common of a piece of land, and the complainant holds a mortgage on the undivided interest of the defendant. The complainant filed a bill to foreclose his mortgage, and the defendant filed a plea thereto setting up the pendency of a partition suit brought by the defendant against the complainant affecting the said premises and other lands, but not making the complainant, as mortgagee, a party.—*Held*, that the record does not show another suit pending for the same matter, and therefore the plea must be overruled.

On hearing on bill, plea, replication and proofs.

*Mr. Frederick W. Van Blarcom,* for the complainant.

*Mr. Preston Stevenson,* for the defendants.

GARRISON, V. C.

The bill in this case is filed to foreclose a mortgage given by Mrs. Stevenson and her husband to the complainant upon the undivided one-sixth interest of Mrs. Stevenson in property owned in common with the complainant.

To this bill of foreclosure a plea is interposed by the defendants setting up the pendency of another action.

To this plea a replication was filed and proofs were taken by the defendants to sustain the allegations of the plea.

By joining issue on a plea a complainant admits the sufficiency of the facts stated as a defence if they are proven to be true. *Hunt* v. *West Jersey Traction Co., 62 N. J. Eq. (17 Dick.) 225 (Vice-Chancellor Grey, 1901).*

If their truth be established by the evidence, the complainant's bill must be dismissed as to the defendant who files the plea. *Hunt* v. *West Jersey Traction Co., supra.*

Where the proceedings in the former suit are exhibited before the chancellor, either by the averments of the plea or otherwise, he may determine the matter without the delay of a reference to a master. *Griffing* v. *Griffing Iron Co., 61 N. J. Eq. (16 Dick.) 269 (Chancellor Magie, 1901).*

The proceedings in the former suit were exhibited to the court in the suit at bar.

The former suit, the pendency of which is alleged by the defendants to be a bar to the present suit, was a partition suit instituted by Mrs. Stevenson some six years ago.

A prior application to stay the proceedings in the foreclosure suit (that is, the suit at bar) was made by the defendants upon the same grounds relied upon to sustain the plea filed in this suit, namely, the pendency of the partition suit.

That application to stay came on before Vice-Chancellor Stevens, and his conclusions, which were filed on the 19th day of July, 1904, so clearly state the facts and the principles of law applicable thereto that it is unnecessary that they should be here repeated.

While he found, as a matter of practice, that the objection of the pendency of the other suit should generally be made by plea and not by motion, he nevertheless decided that even if it might be raised by motion, the motion in this suit could not prevail.

The same reasons which induced him to overrule the motion are potent in respect to the plea.

I can perceive no change in the situation from that which was presented to Vice-Chancellor Stevens on the motion, and since his conclusions overruling the motion are grounded upon the same reasons as lead me to find against the defendants upon the plea, I refer to the opinion of Vice-Chancellor Stevens as giving my reasons for my conclusions in the determination of this issue.

The result is that the plea must be overruled, and I will so advise.